**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| PLAZA MARINE, INC.,<br><br>      Plaintiff,<br>v.<br><br>ANKORA FUELS, LLC; JOHN BARBARISE III; and ZACHARY BARBARISE,<br><br>      Defendants. | Civil Action No. 3:24-cv-08728<br>Hon. Judge Rukhasanah L. Singh<br><br>**JOINT PROPOSED DISCOVERY PLAN**<br><br>**Scheduling Conference Date and Time: October 23, 2024 at 11:30 a.m.** |

1.     Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

    a.  Johnathan M. Korn
       Ashley Brinn
       Blank Rome LLP
       300 Carnegie Center, Suite 220
       Princeton, NJ 08540
       Tel.: (609) 750-7700
       Fax: (609) 750-7701

       *Attorneys for Plaintiff Plaza Marine, Inc.*

    b.  Daniel Saeedi
       Rachel Schaller
       Blank Rome LLP
       444 West Lake Street, Suite 1650
       Chicago, IL 60606
       Tel.: (312) 776-2600
       Fax: (312) 776-2601

       *Attorneys for Plaintiff Plaza Marine Inc.*

    c.  Allison B. Gotfried (No. 072292014)
       Venable LLP
       151 West 42nd Street, 49th Floor
       New York, New York 10036
       Tel.: (212) 370.6227
       Fax: (212) 307.5598

*Attorney for Defendants Ankora Fuels, LLC and John Barbarise III*

d.  Nicholas M. Reiter
    Venable LLP
    151 West 42nd Street, 49th Floor
    New York, New York 10036
    Tel.: (212) 370.6296
    Fax: (212) 307.5598

    *Attorney for Defendants Ankora Fuels, LLC and John Barbarise III*

e.  Erica Speier Berman
    Joseph Maddaloni, Jr.
    Schenck Price Smith & King, LLP
    220 Park Avenue
    P.O. Box 991
    Florham Park, NJ 07932
    Tel.: (973) 539-1000
    Fax: (973) 243-8677

    *Attorneys for Defendant Zachary Barbarise*

2.  Set forth a brief description of the case, including the causes of action and defenses asserted.

**Plaintiff's Statement of Claims**

This dispute involves Defendants John Barbarise III's ("John") and Zachary Barbarise's ("Zachary") concerted wrongful activity to misappropriate their former employer's, Plaintiff Plaza Marine's ("Plaza Marine"), trade secrets, confidential information, customer, vendor and supplier relationships, and business models for their own unlawful use for a newly-formed competitor company, Defendant Ankora Fuels, L.L.C. ("Ankora," collectively with John and Zachary, the "Defendants"). Plaza Marine seeks monetary damages and a permanent injunction for violations of the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, et seq. (the "DTSA"), the New Jersey Trade Secrets Act, N.J.S.A. § 56:15-1 et seq. (the "NJTSA"), and for common law breaches of contract, breach of fiduciary duties of loyalty, and tortious interference with contract.

**Defendant Ankora Fuels, LLC and Jonathan Barbarise III's Statement of Defenses**

Defendants Ankora Fuels, LLC ("Ankora Fuels") and John Barbarise III ("John Barbarise") deny the allegations in the Complaint. They will establish that: (1) the so-called "Plaza Marine Trade Secrets" referenced in the Complaint are not proprietary and do not constitute protectable trade secrets under applicable law; (2) there is nothing

2

proprietary about Plaintiff's business model; (3) most, if not all, of the information allegedly misappropriated by the Defendants is already in the public domain through no fault of the Defendants; (4) John Barbarise did not improperly possess, use, transfer, disclose, or otherwise misappropriate any proprietary information or "trade secrets" pertaining to Plaintiff; and (5) neither Ankora Fuels nor John Barbarise received from Defendant Zachary Barbarise any proprietary information or "trade secrets" pertaining to Plaintiff. Ankora Fuels and John Barbarise further allege that Plaza Marine is using this lawsuit to stifle fair and lawful competition in the marketplace.

**<u>Defendant Zachary Barbarise's Statement of Defenses</u>**

Defendant Zachary Barbarise categorically denies the allegations in the Complaint. Zachary Barbarise denies that he took any action that violated any laws, statutes or policies in any respect, and denies that Plaintiff can establish any violation or breach by him. Zachary Barbarise has filed an Answer to the Complaint in which thirty separate affirmative defenses are specified and set forth.

3.  Have settlement discussions taken place?  Yes    No X
    a.  What was plaintiff's last demand? N/A
    b.  What was defendant's last offer? N/A

4.  The parties [have _____X_____ have not _____] met pursuant to Fed. R. Civ. P. 26(f).

5.  Defendants Ankora Fuels, LLC and John Barbarise have served the information required by Fed. R. Civ. P. 26(a)(1). The other parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) by the deadline of October 11, 2023.

6.  Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1). N/A.

7.  The parties [have _____X_____ have not_____] filed disclosures of third-party litigation funding. See Local Civil Rule 7.1.1.

8.  The parties [have _____X_____ have not _____] conducted discovery other than the above disclosures. If so, describe.

    Defendants Ankora Fuels, LLC and John Barbarise have propounded Requests for Production of Documents, Interrogatories, and Deposition Notices on Plaintiff Plaza Marine.

9.  Proposed Joint Discovery Plan:

a.  Discovery is needed on the following subjects:

The parties anticipate seeking discovery on all the issues raised in the Complaint, the Answers, and any Affirmative Defense or Other Defense raised.  The parties contemplate seeking written discovery, including requests for the production of documents, interrogatories, and requests for admission. The parties also anticipate taking depositions of both party and non-party witnesses.

b.  Discovery [should _____  should not___X____] be conducted in phases or be limited to particular issues. Explain.

The parties agree that discovery should not be conducted in phases and that substantive discovery on the merits of the case should begin immediately. Defendants did not file a motion to dismiss, do not contest jurisdiction, and have not presently challenged any procedural issue for this lawsuit to properly proceed in this Court.  Accordingly, limiting discovery would cause undue delay.  Discovery should proceed immediately and efficiently in the interests of justice.

c.  Proposed Schedule:

1)  Fed. R. Civ. P. 26 Disclosures: no later than **10/11/24**.
2)  E-Discovery conference pursuant to L. Civ. R. 26.1(d): **10/24/24**.
3)  Service of initial written discovery: no later than **10/18/24**.
4)  Maximum of **25** Interrogatories by each party to each other party.
5)  Maximum of **10** depositions to be taken by each party.
6)  Motions to amend or to add parties to be filed by: **1/16/25**.
7)  Factual discovery to be completed by: **3/18/25**.
8)  Plaintiff's expert report due on: **4/18/25**.
9)  Defendant's expert report due on: **5/19/25**.  **Expert rebuttal reports due on 6/6/2025**
10) Expert depositions to be completed by: **7/11/25**.
11) Dispositive motions to be served within **60** days of completion of all fact and expert discovery.
12) **The parties reserve the right to seek leave from the Court for modification of the cap on the number of depositions and interrogatories upon a showing of just cause.**

d.  Set forth any special discovery mechanism or procedure requested.

 **Additionally, the parties intend to seek a protective order for confidential and attorneys' eyes only information.**

e.  A pretrial conference may take place on: **To be determined by the Court.**

f.  Trial date: **To be determined by the Court.**

4

10. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)? Yes __X___ No _____. If so, please explain.

   **Third-party discovery may be needed.**

11. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?

   Yes ____X____ No _____

   If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

   **The parties will negotiate a protocol as needed.**

12. Do you anticipate entry of a Discovery Confidentiality Order? See L. Civ. R. 5.3(b) and Appendix S. **Yes**.

13. Do you anticipate any discovery problem(s) not listed above? Describe. **No**.

14. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.). **At this relatively early stage of the action, it is unknown whether voluntary arbitration or mediation is appropriate or needed.**

15. Is this case appropriate for bifurcation? **No.**

16. An interim status/settlement conference (with clients in attendance), should be held in: **January 2025**.

17. We [do _____ do not __X___] consent to the trial being conducted by a Magistrate Judge.

18. Identify any other issues to address at the Rule 16 Scheduling Conference.

   **In the event the parties have not yet signed a Discovery Confidentiality Order as of the date of the Rule 16 Scheduling Conference, Defendants Ankora Fuels, LLC and John Barbarise reserve the right to raise with the Court the failure to negotiate a Discovery Confidentiality Order by such time.**

Dated: October 9, 2024

/s/ Rachel Schaller
Attorneys for Plaintiff Plaza Marine Inc.

Johnathan M. Korn
Ashley Brinn
Blank Rome LLP
300 Carnegie Center, Suite 220
Princeton, NJ 08540
Tel.: (609) 750-7700
Fax: (609) 750-7701

Daniel Saeedi
Rachel Schaller
Blank Rome LLP
444 West Lake Street, Suite 1650
Chicago, IL 60606
Tel.: (312) 776-2600
Fax: (312) 776-2601


/s/ Allison B. Gotfried
Attorneys for Defendants John Barbarise III and Ankora Fuels, LLC
Nicholas M. Reiter
Allison B. Gotfried (No. 072292014)
Venable LLP
151 West 42nd Street, 49th Floor
New York, New York 10036
Tel.: (212) 370.6227
Fax: (212) 307.5598

/s/ Erica Speier Berman
Attorneys for Defendants Zachary Barbarise
Erica Speier Berman
Joseph Maddaloni, Jr.
Schenck Price Smith & King, LLP
220 Park Avenue
P.O. Box 991
Florham Park, NJ 07932
Tel.: (973) 539-1000
Fax: (973) 243-8677